UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerold Centeno,<br><br>       Petitioner<br><br>v.<br><br>Bean, *et al.*,<br><br>       Respondents | Case No.: 2:23-cv-02130-APG-EJY<br><br>**Order to Show Cause Why the Petition Should Not be Dismissed without Prejudice as Unexhausted**<br><br>[ECF No. 1-1] |

Petitioner Gerold Centeno, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254.  This matter comes before me for an initial review under the Rules Governing Section 2254 Cases.  Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  For the reasons discussed below, I order Centeno to show cause why this petition should not be dismissed without prejudice for failure to exhaust his claims in state court.

**Background**

Centeno challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County.  *State of Nevada v. Centeno*, Case No. C-19-339611-1.[1]  On March 9, 2020, the state court entered a judgment of conviction pursuant to a guilty plea for two counts of attempt sexual assault with a minor under fourteen years of age.  The state court sentenced Centeno to an aggregate term of twelve to thirty years.

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

The Nevada Supreme Court dismissed his direct appeal because he filed it well after the 30-day appeal period. In December 2023, Centeno filed a state petition for writ of habeas corpus, which remains pending before the state district court. *Centeno v. State of Nevada*, Case No. A-23-882931-W. In April 2024, the Nevada Supreme Court issued an order that Centeno's motion to withdraw appeal appears to be unresolved and remains pending in the state district court and that the state district court provided Centeno with additional time to file a state habeas petition.

On December 26, 2023, Centeno initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. Having reviewed his application, I grant Centeno's application for leave to proceed *in forma pauperis*. ECF No. 6.

**Discussion**

AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears likely that the petition is wholly unexhausted in state court and is subject to dismissal without prejudice. Centeno did not file a timely direct appeal of his judgment of conviction and his state habeas petition remains pending before the state district court. Accordingly, Centeno will be required to show cause in writing within 30 days of the date of this order, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Gerold Centeno's Application for Leave to Proceed *in forma pauperis* (ECF No. 6) is GRANTED.

2. The Clerk of the Court shall file the petition for writ of habeas corpus (ECF No. 1-1). The Clerk of the Court shall not serve the respondents with the habeas corpus petition at this time.

3. Petitioner must file within 30 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada Courts. Centeno's response must be factually detailed, and, where possible, supported by exhibits.

4. If Centeno fails to timely and fully comply with this order, I will dismiss this action without prejudice and without further advance notice.

DATED this 7th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE