UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerold Centeno,<br><br>    Petitioner<br><br>v.<br><br>Bean, *et al.*,<br><br>    Respondents | Case No.: 2:23-cv-02130-APG-EJY<br><br>**Order Dismissing Petition Without Prejudice for Failure to Exhaust**<br><br>[ECF No. 10] |

Petitioner Gerold Centeno, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This matter comes before me following Centeno's response (ECF No. 10) to the order to show cause why the petition should not be dismissed as unexhausted. For the reasons discussed below, I dismiss Centeno's petition without prejudice for failure to exhaust his claims in state court.

**Background**

Centeno challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Centeno*, Case No. C-19-339611-1.[1] On March 9, 2020, the state court entered a judgment of conviction pursuant to a guilty plea for two counts of attempt sexual assault with a minor under fourteen years of age. The state court sentenced Centeno to an aggregate term of twelve to thirty years.

The Nevada Supreme Court dismissed his direct appeal because he filed it well after the 30-day appeal period. In December 2023, Centeno filed a state petition for writ of habeas

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

corpus, which the state district court denied in June 2024. *Centeno v. State of Nevada*, Case No. A-23-882931-W. In April 2024, the Nevada Supreme Court issued an order that Centeno's motion to withdraw appeal appears to be unresolved and remains pending in the state district court and that the state district court provided Centeno with additional time to file a state habeas petition. Briefing appears to be in progress on Centeno's appeal of the denial of his state habeas petition. On December 26, 2023, Centeno initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.

## Discussion

The show cause order explained that Centeno's claims are subject to dismissal because they are wholly unexhausted. AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In his response to the show cause order, Centeno asserts that his claims are exhausted and attaches the state district court's denial of his state habeas petition. To satisfy the exhaustion requirement, however, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). His claims were dismissed on direct appeal because his direct appeal was untimely, and his collateral proceedings remain pending before the state appellate court.

As such, the petition is wholly unexhausted in state court and is subject to dismissal without prejudice because Centeno has not yet presented his claims to the highest Nevada state court. Centeno may file his petition in a new case following exhaustion of his claims in state court.

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Gerold Centeno's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice for failure to exhaust state remedies.

2. To the extent necessary, a certificate of appealability is denied because jurists of reason would not find debatable whether the court is correct in dismissing this action.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED this 29th day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE